## GREENWALD'S AUTO CO v HOWER et

Ohio Appeals, 9th Dist, Summit Co

No 2797. Decided April 6, 1937

George J. Carson, Akron, and Frank Enright, Akron, for appellant.

Whittemore & Motz, Akron, for appellee.

### OPINION

By STEVENS, J.

This cause is before this court upon appeal on questions of law. Reference will be made to the parties as they appeared in the trial court.

On and prior to the 2nd day of July, 1934, Ward Hall, Inc., was a dealer engaged in the sale of new Chrysler motor vehicles. On said day, said Ward Hall, Inc., executed and delivered to N. James Short a new car bill of sale for a Chrysler motor vehicle therein described, which bill of sale was filed for record on July 2, 1934, in the office of the clerk of courts of Summit County, Ohio.

Contemporaneously therewith, said N. James Short executed and delivered to Ward Hall, Inc., his chattel mortgage in the amount of $829.01 upon the car described in said mortgage; being the same car as was described in the bill of sale from Ward Hall, Inc., to N. James Short. That chattel mortgage was filed for record in the office of the recorder of Summit County on July 2, 1934, and, at said time, bore an assignment thereof to the National Guarantee and Finance Co.

Thereafter, and prior to the 11th day of October, 1934, said motor vehicle was returned into the possession of Ward Hall, Inc.; the manner of such return not appearing from the record herein. It does appear, however, that no bill of sale transferring title to said car from N. James Short to Ward Hall, Inc., was executed and delivered by Short.

On the 11th day of October, 1934, Ward Hall Inc., sold said automobile to B. F. Tiedman and executed and delivered a new car bill of sale therefor to said purchaser, and apparently, at said time, another mortgage was executed upon said automobile, which mortgage is the subject of this foreclosure action.

It is thus apparent that at the time of the sale of said automobile by Ward Hall, Inc., to Tiedeman, Ward Hall, Inc., as against the mortgage of the National Guarantee and Finance Co., had no title to said car, and, at the time of said sale, it is also apparent that the National Guarantee and Finance Co., the assignee of the mortgage executed to Ward Hall, Inc., by N. James Short, had done everything which the law required of it to make its said mortgage upon said automobile a valid mortgage.

It is a fundamental principle of law that a seller of property can convey no better title than he himself possesses. Ward Hall, Inc., having, as against the mortgage of the National Guarantee and Finance Co., no title at the time of the sale to Tiedeman, could convey no title to Tiedeman, and the mortgage executed upon said property by the grantee from Ward Hall, Inc., was, as against the mortgage of the National Guarantee and Finance Co., of no effect.

Upon the authority of **Commercial Credit Co. v Schreyer, 120 Oh St 568**, the judgment of the trial court must be affirmed.

Judgment affirmed.

WASHBURN and DOYLE, JJ, concur in judgment.